## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No.:

OLMARY GALBAN,

     Plaintiff,

vs.

HEALTH GENESIS CORPORATION, INC.,
a Florida Profit Corporation,

     Defendant.

_____/

## COMPLAINT

     COMES NOW, OLMARY GALBAN, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant HEALTH GENESIS CORPORATION INC, a Florida Corporation (hereinafter, "Defendant"), and states:

## JURISDICTION AND VENUE

1.  This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.*, the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, the Families First Coronavirus Response Act – Emergency Paid Sick Leave Act, H.R. 6201, 116th Cong. § 5102, et. seq. (2020), (hereinafter "the FFCRA," "EPSLA," or "the Act"), the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1)-(4), and to redress injuries resulting from Defendant's unlawful, retaliatory discharge of Plaintiff.

2.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in their hotel located in Miami, Florida.

## **PARTIES**

5. Plaintiff was at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff at all times relevant, was employed by Defendant on a full-time basis as a capsule operator. Plaintiff was hired on July 14, 2019 and terminated on May 13, 2020.

7. Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Florida and authorized to do business in Florida. Specifically, Plaintiff worked at Defendant's principal location in Davie, Florida. All facts which give rise to this complaint occurred in Davie, Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. The Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Specifically, the Defendant is a supplement company that packages, transports, and sells various dietary supplements.

11. At all times material to this Complaint, the Defendant, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

12. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while she worked for Defendant that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regular and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly packaged, handled, and transported various materials and substances used in creating the supplements the Defendant offers for sale.

13. The Defendant upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

14. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

15. Plaintiff's Charge was filed on or about June 2, 2020. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

16. Plaintiff was terminated from her position on or about April 23, 2020. Her Charge was therefore timely filed.

17. Plaintiff was issued a Notice of Right to Sue on December 30, 2020. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

18. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

19. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS RELATED TO COUNTS I-III

20. Plaintiff is a member of a class protected under the EPA, Title VII and the FCRA in that she received less pay than her male counterpart(s).

21. During her employment with the Defendant, Plaintiff discovered that most of her male counterpart were paid at least $2.00 more per hour than Plaintiff.

22. Specifically, Plaintiff found out that capsule operators such as: Ronald Izquierdo and Roberto (LNU) were paid more than Plaintiff.

23. The work performed by the male capsule operators and the Plaintiff required "equal skill, effort, and responsibility, and which are performed under similar working conditions . . ." 29 U.S.C. § 206(d)(1).

## GENERAL ALLEGATIONS RELATED TO COUNTS IV-IX

24. Plaintiff worked for the Defendant and was at all times qualified for her job in that she maintained her position without incident.

25. Plaintiff suffers from allergic asthma, a medical condition that causes her to have allergic reactions that affect her breathing when exposed to certain substances. This condition is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's ability to, at minimum, to effectively breath when she is exposed to certain substances. The ability to breathe is considered a "major life activity" as defined by the ADA and ADAAA. The Defendant was aware of this condition throughout Plaintiff's employment.

26. On or about March 23, 2020, Plaintiff was assigned to packaging cayenne pepper and began experiencing immediate reactions to the pepper, causing the Plaintiff to sneeze and have breathing issues.

27. The Plaintiff advised of her allergic reaction to the pepper  to Mr. Anvvar Abbull (hereinafter "Mr. Abbull") and requested an accommodation to be assigned to packaging a different product due to her medical condition. Mr. Abbull refused and sent the Plaintiff home for the day.

28. The next day, Plaintiff was assigned to the same product. Plaintiff attempted to package the cayenne pepper, however, she began to have an allergic reaction causing her to cough and have more breathing issues.

29. Mr. Abbull denied Plaintiff's request to change stations and sent the Plaintiff home for a second time and requested that the Plaintiff see a doctor for concerns of COVID-19 infection.

30. On April 1, 2020, Plaintiff went to see a doctor who did not diagnose Plaintiff with the virus but requested Plaintiff to quarantine for fourteen (14) days due to the COVID-19 symptoms she was experiencing.

31. Plaintiff notified the Defendant of the diagnosis and inquired about pay under leave under the Act. Defendant did not respond to Plaintiff's request for pay.

32. On or about April 15, 2020, the Plaintiff was able to come back to work. On that day, Defendant requested the Plaintiff get tested for COVID-19 again before returning to work.

33. Plaintiff was no longer experiencing any symptoms, and due to the shortage of testing and restrictions, Plaintiff was unable to get tested until April 23, 2020.

34. While Plaintiff was waiting for results, the HR representative, Louder Allen (hereinafter "Mr. Allen") contacted Plaintiff and advised that she was no longer needed.

35. Upon information and belief, Defendant's reason for termination (if any) is pretextual for unlawful discrimination and or retaliation.

36.  Defendant denied Plaintiff her protected paid sick leave rights, her protected request for a reasonable accommodation, and retaliated against her for her requests.

37. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's request for accommodation and/or request for pay under the Act was a motivating factor in the decision for the adverse employment action.

38. Defendant acted with intentional disregard for Plaintiff's rights under the FCRA, the FFCRA, the ADA, and the ADAAA.

39. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

40. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
### VIOLATION OF THE CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON SEX)

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

42. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

43. Plaintiff is a member of a protected class, to wit, a female employee.

44. Defendant, by and through its supervisors, did not compensate Plaintiff the same as other male employees as alleged above.

45. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an

employer to:   (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

46. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's gender.

47. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, male employees were allowed better compensation opportunities.

48. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

49. The Plaintiff was qualified for the position apart from her apparent gender.

50. The Plaintiff was discriminated against by Defendant because she is a female.

51. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

52. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

53. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her sex in violation of the Act with respect to its decision to treat Plaintiff different from other similarly situated employees.

54. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's pay was

directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was a female, in violation of the Act.

55. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's sex was a motivating factor in the decision for the adverse employment action(s).

56. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

57. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

58. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE**, Plaintiff respectfully requests that:

A. An award of economic damages including back pay, interest and regular incremental pay increases;

B. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

C. The Court award punitive damages as permitted under the law;

D.  The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to statute; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**COUNT II**</u>
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON SEX)**

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

60. Plaintiff brings this action under the "FCRA", §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was compensated less than similarly situated employees on the basis of her gender, female.

61. Plaintiff is a member of a protected class, to wit, a female.

62. Defendant, by and through its supervisors, by the conduct describe above, has engaged in discrimination against Plaintiff because of Plaintiff's gender by compensating her less than male employees.

63. Defendant's supervisors acted with intentional disregard for Plaintiff's rights as a female under the FCRA.

64. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to. However, even if Defendant had a reason, Plaintiff's sex was, at minimum, a motivating factor in its decision to compensate her less than her male counterparts.

65. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

66. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful practice of compensating male employees more than female employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE**, Plaintiff requests that:

A. An award of economic damages including back pay, interest and regular incremental pay increases;

B. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

C. The Court award punitive damages as permitted under the law;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## VIOLATION OF THE EQUAL PAY ACT

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

68. Plaintiff is female and held the title of capsule's operator during her employment with Defendant.

69. Plaintiff's male counterparts earned at least $2.00 more per hour than Plaintiff for doing similar work and having been employed by Defendant for a similar amount of time.

70. Both Plaintiff and her male counterparts performed similar day-to-day tasks, reported to the same supervisor, employed similar skills/knowledge, etc.

71. Defendant does not have any legitimate, non-discriminatory reason to justify the discrepancy in pay between Plaintiff and male counterparts such as Roberto (LNU).

72. Neither the Plaintiff, nor the similarly situated male employees were being compensated based on a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or any other differential based on any other factor than sex.

73. As a direct result of Defendant's conduct, Plaintiff has been harmed through a loss of wages and any incremental increases she would been paid had she been compensated the same as her male counterpart.

74. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against the Defendant:

    A. Adjudge and decree that Defendant has violated the EPA and FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for the minimum wages owed due to the unequal pay, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IV**
**FAILURE TO ACCOMMODATE IN VIOLATION**
**OF THE ADA AND ADAAA**

75. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 and 24-40 of this complaint as if set out in full herein.

76. Plaintiff is disabled as she suffers from a medical condition that causes her to have an allergic reaction that affects her breathing when exposed to certain substances.

77. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation.

78. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

79. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). At the time Plaintiff experienced the reaction to the pepper, Plaintiff requested to be re-assigned to a different area.

80. Plaintiff made this request to her Supervisor, Mr. Abbull on March 23, 2020 and March 24, 2020.

81. These requests were reasonable and would not have caused Defendant undue hardship.

82. As a result of Defendant's action, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

83. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying her request(s).

**WHEREFORE,** Plaintiff requests judgment against Defendant as follow:

      A.  Actual damages as a result of Defendant's discriminatory actions;

      B.  Punitive damages due to Defendant's willful behavior;

      C.  Compensatory damages;

      D.  Injunctive relief where feasible;

      E.  Attorney's fees;

      F.  Costs of this action; and

      G.  Any other relief this Court deems proper.

**COUNT V**
**HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA**

84. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 and 24-40 of this complaint as if set out in full herein.

85. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

86. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

87. Specifically, Plaintiff alleges that Defendant wrongfully denied her reasonable requests for an accommodation to her disability.

88. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such disability.

89. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

90. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

91. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

92. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VI
### VIOLATION OF THE ADA AND ADAAA
### (RETALIATION)

93. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 and 24-40 of this complaint as if set out in full herein.

94. Plaintiff requested reasonable accommodation(s) for her disability. This request was made to the Plaintiff's supervisor, Mr. Abbull.

95. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and adverse employment action.

96. Plaintiff's suspension and termination constitutes an adverse employment action under the ADA and ADAAA.

97. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

98. Defendant's states reason(s) for denying Plaintiff's request for accommodation is pretextual.

99. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation, was a motivating factor in the decision for the adverse employment action(s).

**WHEREFORE,** Plaintiff requests that:

A. The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT VII**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(RETALIATION)**

100.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 and 24-40 of this complaint as if set out in full herein.

101.    Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq*. for Defendant's retaliatory conduct.

102.    In March 23, 2020 and March 24, 2020 Plaintiff made a request for a reasonable accommodation for her disability.

103.    This request was a protected activity under the FCRA.

104.    As a direct result of Plaintiff's request, Defendant terminated Plaintiff without valid cause.

105.    Plaintiff's request for a reasonable accommodation of her disability was a motivating factor in Defendant's decision to terminated Plaintiff.

106.    Defendant knew of Plaintiff's disability and her request as Plaintiff made this request to Mr. Abbull who was a supervisor of Defendant corporation.

107.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

108.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

109.    Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of

Susana and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

110.   Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

111.   If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for a reasonable accommodation and sick leave, were a motivating factor in the decision for the adverse employment action(s).

112.   Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

<u>**COUNT VIII**</u>
**UNPAID SICK LEAVE UNDER THE FFCRA**

113. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 and 24-40 of this complaint as if set out in full herein.

114. At all times material hereto, Plaintiff was protected by the provisions of the FFCRA and EPSLA.

115. At all times material hereto, Plaintiff was entitled to eighty (80) hours of paid sick leave under the Act.

116. Defendant denied Plaintiff protected paid sick leave under the Act.

117. Defendant failed and refused to pay Plaintiff for eighty (80) hours of paid sick time, forcing the Plaintiff to hire an attorney.

118. As a result of Defendant's violation of the Act, it is considered to have failed to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206.

119. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

120. After receiving Plaintiff's Demand letter, Defendant paid Plaintiff for eighty (80) hours of paid sick time. However, Defendant did not compensate Plaintiff the amount in liquidated damages or attorneys' fees and costs.

**WHEREFORE,** Plaintiff requests that this court enter judgment against Defendant for:

    A. Liquidated and compensatory damages pursuant

    B. Punitive damages due to Defendant's willful behavior;

    C. Injunctive relief where feasible;

    D. Attorney's fees;

    E. Cost of this action; and

F.   Any other relief this Court deems proper.

## COUNT IX
**UNLAWFUL TERMINATION UNDER THE FFCRA**
**(RETALIATION)**

121.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 and 24-40 of this complaint as if set out in full herein.

122.    At all times relevant hereto, Plaintiff was protected by the provisions of the FFCRA and EPSLA.

123.    Defendant unlawfully discharges Plaintiff based upon Plaintiff's exercise of her rights under the FFCRA by terminating her for attempting to take her protected FFCRA paid sick leave.

124.    At all times material hereto, Plaintiff was protected from unlawful discharge, discipline, or any other discriminatory manner taken against her under the Act.

125.    As a result of Defendant's violation of the FFCRA, Defendant is considered to be in violation of the retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3).

126.    As a result of Defendant's willful violation of the FFCRA, Defendant is subject to the penalties under the FLSA, 29 U.S.C. § 216(b).

127.    As a direct and proximate result of Defendant's willful conduct, Plaintiff has suffered loss, back pay, loss of future pay, loss of reputation in the community, and has been otherwise damaged in an amount to be proven at trial.

128.    As a result of Defendant's willful violation of the Act, Plaintiff is entitled to recover reinstatement to his prior position and/or recover of lost future wages, recovery of his lost back wages to date, and an additional equal amount of lost wages in liquidated damages.

129. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned and is obligated to pay it a reasonable fee. Pursuant to the Act, Plaintiff is entitled to recover her reasonable attorney's fees and costs against Defendant.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

A. Actual damages as a result of Defendant's actions;

B. Declaring that Defendant has violated the FFCRA;

C. Declaring that Defendant has violated the retaliation provision of 29 U.S.C. § 215(a)(3).

D. Punitive damages due to Defendant's willful behavior;

E. Compensatory damages;

F. Injunctive relief where feasible;

G. Attorney's fees;

H. Costs of this action; and

I. Any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff OLMARY GALBAN demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: February 24, 2021

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315

Email: nathaly@peregonza.com